Zachary Nightingale (California Bar # 184501)
Helen Beasley (California Bar # 279535)
Van Der Hout LLP
180 Sutter Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 981-3000
Fax: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
R.R.M.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R.M.,<br><br>  Plaintiff,<br><br>  v.<br><br>LAURA B. ZUCHOWSKI, Director, Vermont Service Center; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>  Defendants. | Case No.  3:21-cv-08221<br><br>**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br><u>Immigration Case, Administrative Procedure Act Case</u> |

*R.R.M. v. Zuchowski et. al.*, No. 3:21-cv-08221
MOT. TO PROCEED UNDER PSEUDONYM

# INTRODUCTION

Plaintiff R.R.M. (Ms. R.M.) respectfully moves for an order allowing her to proceed under a pseudonym in this matter and for entry of a protective order to shield her identity from public disclosure. Ms. R.M. is a noncitizen from Mexico who was the victim of a very serious crime in the United States. On the basis of her assistance to law enforcement in investigating the crime, she applied for U nonimmigrant status. However, United States Citizenship and Immigration Services (USCIS) erroneously denied her application. Ms. R.M. now brings suit on behalf of herself for this erroneous and improper denial.

An order allowing Ms. R.M. to proceed with her initials as a pseudonym is warranted given the serious and sensitive nature of the crime that she experienced. Ms. R.M. will disclose her identity to government counsel who appear in this case. However, public disclosure of her identity is neither necessary nor warranted, as this Court has recognized in cases involving similar circumstances.

# ARGUMENT

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See*, *e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is

*R.R.M. v. Zuchowski et. al.*, No. 3:21-cv-08221
MOT. TO PROCEED UNDER PSEUDONYM

necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting *Advanced Textile*, 214 F.3d at 1067–68; *see also Balance Studio, Inc. v. Cybernet Entm't*, LLC, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature").

Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedent, this Court regularly permits parties to proceed pseudonymously or even anonymously where they have been the victim of serious past crimes or where similarly sensitive issues are relevant to the litigation. *See, e.g.*, *Balance Studio, Inc.*, 204 F. Supp. 3d at 1102; *K.H.B.*, 2018 WL 4053457, at *2; *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

Ms. R.M. satisfies these requirements. As Ms. R.M. explains in the accompanying Complaint, she was the victim of a serious crime, which is a highly sensitive and personal matter. Compl. ¶ 28. In 2012, law enforcement officials certified that Ms. R.M. cooperated with them regarding this crime and it was on this basis that she applied for a U visa. ¶ 29. Congress recognized the need to protect the privacy of victims of violent crime, domestic violence, and human trafficking by enacting heightened confidentiality protections for applicants for U and T nonimmigrant status and self-petitioners under the Violence Against Women Act ("VAWA"). 8

*R.R.M. v. Zuchowski et. al.*, No. 3:21-cv-08221
MOT. TO PROCEED UNDER PSEUDONYM

U.S.C. § 1367(a)(1)(E)-(F), (b)(3) (providing that any disclosure of information related to U or T visa applications in connections with judicial review of an agency determination must be done "in a manner that protects the confidentiality of such information").

In similar circumstances, courts in this district and throughout the Ninth Circuit have allowed individuals to proceed using their initials or even anonymously. Serious crimes like sexual assault justify proceeding anonymously because in such cases it "is necessary to preserve privacy in a matter of sensitive and [a] highly personal nature." *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (alteration in original) (quoting *Advanced Textile*, 214 F.3d at 1068). And as this Court has explained, where litigation implicates serious crimes, "the public generally has a strong interest in protecting the identities of . . . [the] victims so that other victims will not be deterred from reporting such crimes." *Penzato*, 2011 WL 1833007, at *3 (quoting *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). Thus, courts regularly allow litigants like Ms. R.M.—who has been the victim of a serious crime of a highly personal nature—to proceed anonymously. *See*, *e.g.*, *Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *2; *A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1247 n.1 (W.D. Wash. 2018) (noting that the court had allowed the victim of sexual abuse to proceed under a pseudonym); *Al Otro Lado, Inc*, 2017 WL 6541446, at *4 ("[T]he Court believes that Plaintiffs D.D. and I.D. warrant anonymity on the ground that their allegations of harm also concern sexual assault."); *Aurora v. Sheely*, No. 16-cv-1358-RSM, 2017 WL 615383, at 1* n.1 (W.D. Wash. Feb. 15, 2017) (similar).

Defendants will not suffer prejudice if the Court allows Ms. R.M. to proceed under a pseudonym. The primary focus of this lawsuit is Defendants' legally erroneous denial of Ms. R.M.'s U visa application. As other courts have found, where the plaintiff's identity is not itself a

material fact in the lawsuit, allowing a plaintiff to proceed anonymously causes no prejudice. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (citing *Doe v. Del Rio*, 241 F.R.D. 2d 154, 157 (S.D.N.Y. 2006) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.")); *Doe v. Barrow Cty.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting a motion to proceed under a pseudonym where the "plaintiff plays a relatively minor role").  Moreover, Plaintiff previously identified herself to USCIS when she filed her application, and when Defendants' counsel appears in this case, Ms. R.M. will promptly provide counsel with her true identity. For this additional reason, allowing Ms. R.M. to proceed under a pseudonym will not unfairly prejudice Defendant.

Finally, where the defendant is either a government entity or official, courts routinely count the public interest factor as weighing in favor of leave to proceed under a pseudonym. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* In addition, as noted above, where a plaintiff's allegations involve being the victim of a serious crime, the public "has a strong interest in protecting the identities of . . . [the] victims so that other victims will not be deterred from reporting such crimes.'" *Penzato*, 2011 WL 1833007, at *3 (quoting *Kolko,* 242 F.R.D. at 195). The public interest therefore weighs in favor of allowing Plaintiff Ms. R.M. to proceed using a pseudonym.

*R.R.M. v. Zuchowski et. al.*, No. 3:21-cv-08221
MOT. TO PROCEED UNDER PSEUDONYM

## **CONCLUSION**

For the foregoing reasons, Ms. R.M. asks that the Court grant her motion to allow her to proceed under a pseudonym.

Dated: October 21, 2021                                      Respectfully submitted,

/s/Zachary Nightingale
Zachary Nightingale
Helen Beasley
Attorneys for Plaintiffs